UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

OKIMA HENRY On Behalf Of Her Son R.D.,

                                                 Plaintiff,     **COMPLAINT AND
JURY DEMAND**

            -against-

THE CITY OF NEW YORK, DETECTIVE JOSHUA
WINTERS, JOHN DOE ##1-8,                     DOCKET #

                                         Defendants.

                                         ECF CASE

---------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth Amendment to the United States Constitution, and the laws and Constitution of the State of New York.

2.    The claim arises from a October 4, 2022 incident which continued to October 6, 2022 in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Plaintiff to, among other things, false arrest, false imprisonment and excessive force.

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.    This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth Amendment to the United States Constitution. Supplemental and Pendent party jurisdiction is asserted.

5.     Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6.     Plaintiff Okema Williams is the mother and legal guardian of R.D.  She is resides in Kings County, City and State of New York.

7.     R.D. is the son of Okema Williams.  R.D. is a 16 year-old African American male who currently resides in New York County, New York, New York.

8.     Detective Joshua Winters was at all time here relevant an employee of the NYPD, and is sued in his individual and official capacity.

9.     The City of New York is a municipal corporation organized under the laws of the State of New York.

10.     All other defendants were at all times here relevant employees of the NYPD, and are sued in their individual and official capacities.

**11.**     At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

12.     On October 4, 2022, R.D. was riding a Citibike legally on St. Marks Avenue in the vicinity of the corner of Rochester Avenue in Brooklyn, NY.  At around 8:00 PM, an automobile drove up alongside and then just ahead of R.D. and stopped.

13.     A person inside the car threw open a car door, causing R.D. to make a sudden stop.

14.     Four or Five men exited the car, demanding to know, in sum and substance, "where the

gun was?"

15. The four or five men were, apparently, NYPD law enforcement officers in plain clothes driving an unmarked car.

16. Officers then threw R.D. up against the car in a rough and aggressive manor for no legal purpose, causing R.D. to suffer physical pain and discomfort. They then unlawfully searched him, feeling around his penis and testicles and hitting them, causing him pain, discomfort, embarrassment and humiliation. The officers enhanced the humiliation by laughing and making fun of him. R.D. was not resisting in any way during this stop and search.

17. R.D. was handcuffed and transported to the 77th Precinct by the officers. He was put in what the officers referred to as a "juvenile room", where he remained handcuffed on a hard bench for multiple hours.

18. Police officers interrogated R.D. without the presence of an attorney or a guardian. They threatened to charge him with serious felonies if he did not speak with them.

19. R.D. remained cuffed to the bench until late the next morning. Sleep was nearly impossible.

20. Late in the next morning on October 5, R.D. was transported from the precinct to Kings County Central Booking in downtown Brooklyn. He remained handcuffed during the transport.

21. He was put in a cell in Central Booking upon arrival and remained there until and remained there until well after midnight the following day, October 6.

22. In the wee hours of the morning, R.D. was taken from his cell in Central Booking and returned to the 77th Precinct. R.D. never saw a judge or a lawyer while at the Kings County Courthouse.

23. In the course of this detention, R.D. he was taken again to Central Booking, and

returned to the 77th Precinct for reason that are only known to the officers of the 77th Precinct.

24.    R.D. was put back in the "juvenile room", again handcuffed to the hard bench, even though apparently no criminal charges were filed against him.   At this point he was not imprisoned even under the false claim of probable cause for his arrest. He was simply a captive, a hostage, of the NYPD.

25.    In the late morning of October 6, R.D. was finally taken from the juvenile room to see the sergeant.  The sergeant told him that this was a "DP", meaning that the District Attorney's Office declined to prosecute R.D. for any crime NYPD charged him with or any other crime for that matter.

26.    Though R.D.'s mother, Okima Henry, repeatedly contacted and appeared at the 77th Precinct to check on her son, when R.D. was finally released he was released without Ms. Henry taking custody of him.  He was simply put out into the streets after the ordeal without help or support from adults.

27.    R.D. denies and all charges and allegations made against him by NYPD in connection with his arrest.  He committed no crime or violation in connection with his arrest whatsoever.

28.    Within 90 days of the events giving rise to this claim, plaintiffs filed written notice of claim with the City of New York, Comptroller's Office. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

29.    At all times during the events described above, the Defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights.  The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.  They failed to intervene in the obviously illegal actions of their fellow officers against Plaintiff.

30.     During all of the events above described, Defendants acted maliciously and with intent to injure Plaintiff.

31.     As a direct and proximate result of the acts of Defendants, R.D. suffered the following injuries and damages:

     a.     Violation of his rights pursuant to the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure;

     b.     Pain and suffering;

     c.     Emotional trauma and suffering, including fear, embarrassment, humiliation, severe emotional distress, frustration, extreme inconvenience, and anxiety;

     d.     Loss of sleep;

     e.     Loss of educational opportunity; and

     f.     Loss of liberty.

**FIRST CAUSE OF ACTION**
**(FALSE ARREST AND FALSE IMPRISONMENT)**

30.     The above paragraphs are here incorporated by reference.

31.     Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

32.     There was no reasonable expectation of successfully prosecuting plaintiff.

33.     Plaintiff was aware of his confinement and did not consent.

34.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

35.     Plaintiff was damaged by false arrest, imprisonment, and deprivation of liberty caused by defendants.

## SECOND CAUSE OF ACTION
### (ASSAULT)

36.     The above paragraphs are here incorporated by reference.

37.     By cutting Plaintiff off with a car door, and thereafter approaching him to physical handle him and search him, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

38.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and New York State laws and Constitution.

39.     Plaintiff was damaged by defendants' assault.

## THIRD CAUSE OF ACTION
### (BATTERY)

40.     The above paragraphs are here incorporated by reference.

41.     Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

42.     Defendants used excessive and unnecessary force with plaintiff.

43.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

44.     Plaintiff was damaged defendant's battery.

## FOURTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR AS TO THE CITY OF NEW YORK)

45.     The preceding paragraphs are here incorporated by reference.

46.     Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

47.     As a result of defendants' tortious conduct in the course of their employment and

in furtherance of the business of defendant City of New York, Plaintiff was damaged.

## FIFTH CAUSE OF ACTION
(42 USC § 1983)

48.     The above paragraphs are here incorporated by reference.

49.     Defendants acted under color of law and conspired to deprive plaintiff of his civil,

constitutional and statutory rights to be free from unreasonable search and seizure pursuant to the

Fourth Amendment to the United States Constitution when they illegally and falsely arrested

him, falsely imprisoned him, and subjected Plaintiff to excessive force.  Defendants are liable to

plaintiff under 42 U.S.C. §1983.

50.     Plaintiff has been damaged as a result of Defendants' wrongful acts.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally,

as follows:

A.      In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's

causes of action;

B.      Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C.      Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this

action; and

D.      Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


DATED:     New York, New York
           January 18, 2023

TO:    City of New York                          Yours, etc.,
                                                         /s/
                                                 Leo Glickman, Esq.
                                                 Bar #LG3644
                                                 Attorney for Plaintiff
                                                 5030 Broadway, Ste. 652
                                                 New York, NY 10034
                                                 (718) 852-3710
                                                 lglickman@stollglickman.com